Dear Mayor Mount:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
Factually, you relate that you are preparing to appoint Mr. John F. Derosier as City Attorney for the City of Lake Charles. Mr. Derosier has been practicing law within the city of Lake Charles for the past twenty-one (21) years; for eighteen (18) of those twenty-one (21) years he was a resident of Lake Charles. He now resides on his farm in Cameron Parish, as he has for the past three (3) years, but plans to establish a residence within the city limits of Lake Charles.
A question has arisen concerning whether Mr. DeRosier has the qualifications of office, because he has not been a resident of Lake Charles for five (5) years preceding this appointment. The city of Lake Charles is governed by home rule charter, and provides in Section 4-07 the following residency requirements for the office of city attorney:
 The city attorney shall be a licensed attorney with at least five (5) years residence in the city prior to appointment and at least five (5) years experience in the practice of law.
The question presented does not require us to determine whether Mr. DeRosier has been a bona fide resident of the city of Lake Charles for the five (5) years immediately preceding his appointment. It is already conceded that Mr. DeRosier has not been a resident of the city of Lake Charles for the past three (3) years. See attached Attorney General Opinion 92-262 for further discussion of the distinction between the terms "residence" and "domicile".
The issue for our determination is whether the language of the charter requires the appointee to have been a resident of the municipality for five (5) years immediately preceding the appointment. We conclude that the language of the charter is not so restrictive as to impose such a requirement. Mr. DeRosier more than satisfies the five (5) year residency requirement, as he has been a resident of the City of Lake Charles for a period of eighteen (18) years, such status being "prior to appointment" as required by the charter provisions.
In the opinion of this office it would be necessary to amend the charter provisions in order to definitively require that the appointee's municipal residence be maintained for a five (5) year period immediately preceding the appointment. Observe that state law imposes in other unrelated appointments more restrictive residency requirements. For instance, LSA-R.S.33:2476(B) requires for appointment to the municipal fire and police civil service board that the appointee be "a resident of the municipality in which he is to serve for at least five years next preceding his appointment. . . .". That statute, as distinguished from the charter provisions, clearly bases eligibility for appointment upon the establishment of a municipal residence for a period of time immediately preceding the appointment.
Should you have other inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-552